[673 NYS2d 466]

In the Matter of HARRY DAWSON MARTIN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 26, 1998

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated March 11, 1997, the Grievance Committee's motion to suspend the respondent on an interim basis pursuant to 22 NYCRR 691.4 (*l*) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he failed to comply with the lawful demands of the

Grievance Committee in connection with an investigation of a complaint of professional misconduct, and upon other uncontroverted evidence of professional misconduct, was held in abeyance, and the respondent was directed to be examined expeditiously by a qualified medical expert to determine whether he was incapacitated from continuing to practice law (see, 22 NYCRR 691.13 [b]). By decision and order on motion of this Court dated April 25, 1997, the respondent's motion for reargument of the prior motion for an interim suspension was denied. By decision and order on motion dated July 15, 1997, the Grievance Committee's motion to suspend the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (i), based upon his failure to submit to such an examination was granted, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent. The issues raised were referred to William J. Daly, Esq., as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline upon the respondent based upon his failure to submit an answer to the petition and supplemental petition. The petition and supplemental petition contain four charges of professional misconduct against the respondent, including conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law, emanating from his failures to cooperate with the Grievance Committee's investigation. The respondent was served with the order dated July 15, 1997 on July 29, 1997. He did not respond to the Grievance Committee's motion despite being personally served.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Harry Dawson Martin, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harry Dawson Martin is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.